UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document applies to:*<br><br>Case No. 1:19-op-45758-DAP | Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

### NON-LITIGATING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH FINAL ORDER REGARDING SERVICE OF PROCESS

Pursuant to the Court's Order Regarding Service of Process (Dkt. No. 4986), the undersigned Non-Litigating Defendant ("Non-Litigating Defendant" or "NLD"), which was named but not timely served with process in accordance with Federal Rule of Civil Procedure 4(m), moves under Rules 12(b)(5) and 41(b) for dismissal of Plaintiff's claims against it.[1]

### I.  FACTUAL BACKGROUND

On January 3, 2023, the Court issued its Order Regarding Plaintiff Fact Sheets and Service of Process (the "Order"). Dkt. No. 4801. In the Order, the Court explained that "it may be appropriate to . . . dismiss claims brought against a NLD based on a subdivision-plaintiff's failure

---

[1] The undersigned Non-Litigating Defendant has joined with other Non-Litigating Defendants for judicial efficiency to file similar motions in other affected cases. Pursuant to the Court's Order dated July 21, 2023, Non-Litigating Defendant is filing its motions in each underlying member case docket, and a courtesy notice of filing shall be made to A.Scott.Loge@outlook.com. Non-Litigating Defendant does not waive, and expressly reserves, defenses under Fed. R. Civ. P. 12 that under the Court's moratorium on filings (Dkt. No. 232 ¶ 6.g) and limited leave to challenge cases for insufficient service of process (Dkt. No. 4986 at 5–6) are not "available to the part[ies]" at this time. Fed. R. Civ. P. 12(g)(2). Moreover, this motion seeks relief as to a case that has not been served upon Non-Litigating Defendant. Non-Litigating Defendant does not waive, and expressly reserves, its rights to address by subsequent motion additional cases as to which service was attempted but was insufficient and/or improper, and lack of and/or defects of service upon certain foreign Non-Litigating Defendants.

to obtain timely service of process on the NLD, absent good cause." Dkt. No. 4801 at 1–2. Thereafter, the Court directed a two-step process for potential dismissals. First, NLDs would submit lists identifying cases in which they had not been served. *Id.* at 2. Second, the affected plaintiffs would file "an omnibus document showing good cause why the listed cases or claims should not be dismissed without prejudice." *Id.*

Along with other NLDs, the undersigned Non-Litigating Defendant submitted its respective lists on January 30, 2023 (and, in a few instances, amended these lists in the following weeks). Dkt. Nos. 4832, 4835, 4837, 4840, 4847, 4848, 4851, 4856, 4857, 4859, 4860, 4863, 4865, 4867, 4869, 4876, 4898, 4958, 4960, 4973. The Plaintiffs' Executive Committee, for plaintiffs' part, filed an omnibus response on March 29, 2023. Dkt. No. 4977.

Following these submissions, the Court observed that the purpose of its earlier Order was "to begin a process of resolving remaining cases, claims, and issues, where a plaintiff is not actively involved in monitoring and prosecuting its case against a given defendant." Dkt. No. 4986 at 2. The Court thus ordered that the deadline for service of process be extended until May 22, 2023. *See id.* at 5.

In providing this relief, the Court made clear that it expected straggling plaintiffs to complete service of process during the grace period. "Now that each plaintiff has been made aware of its service discrepancies and administrative oversights," the Court noted, "those defects should be easily cured within that [45-day] timeframe." *Id.* And the Court warned that claims in the cases in which such defects persisted afterward would be subject to dismissal with prejudice: "At the appropriate time, any defendant may move for dismissal with prejudice of any claim against them filed by a plaintiff that fails to comply with this Order." *Id.* at 5–6.

At the Court's invitation, the Non-Litigating Defendant moves for dismissal of claims asserted against it by Plaintiff, which has failed to perfect service against it.

## II. ARGUMENT

Rule 12(b)(5) allows a defendant to assert by motion the defense of insufficient service of process. Rule 41(b), in turn, allows a defendant to move to dismiss the action or any claim against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Plaintiff has failed to perfect service of process of Non-Litigating Defendant, warranting dismissal of this Non-Litigating Defendant under Rule 12(b)(5). Plaintiff has also failed both to prosecute the case and to comply with the Court's Orders, further warranting dismissal under Rule 41(b).

To start, Plaintiff had an initial 90 days after filing the Complaint in which to perfect service against the Non-Litigating Defendants. Fed. R. Civ. P. 4(m). Plaintiff failed to do so, subjecting its claims to challenge under Rule 12(b)(5) for insufficient service of process.

Even then, the Court exercised its discretion and extended the deadline to perfect service of process, ordering Plaintiff to serve the Non-Litigating Defendant by May 22, 2023. Again, however, Plaintiff failed to complete service, failed to prosecute its case, and failed to heed the Court's Orders, subjecting its claims to dismissal under Rule 41(b). And unlike the initial failure to complete service, Plaintiff's failure to meet the new deadline came following a fulsome notice and dispute process, a new grace period, and with full knowledge of the consequences. The Court had cautioned that "failure to comply . . . will result in ***dismissal with prejudice*** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." Dkt. No. 4986 at 5 (emphasis in original). As a result, Plaintiff's failure to complete service reflects a basic failure to even minimally prosecute this case.

\*   \*   \*

For the foregoing reasons, the Court should dismiss with prejudice Plaintiff's claims against the Non-Litigating Defendant. Doing so will accomplish the Court's "desired effect of dismissing the cases or claims of those plaintiffs that are neither monitoring the MDL nor prosecuting their cases," and help complete the "process" initiated by the Court in January 2023. *Id.* at 2, 5.

Dated: August 25, 2023

Respectfully submitted,

*/s/ Paul J. Cosgrove*
Paul J. Cosgrove
ULMER & BERNE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 698-5000/Fax: (513) 698-5001
pcosgrove@ulmer.com

Joshua A. Klarfeld
Georgia Hatzis
ULMER & BERNE LLP
1660 W. 2nd Street, Suite 1100
Cleveland, OH 44113
Phone: (216) 583-7000/Fax: (216) 583-7001
jklarfeld@ulmer.com
ghatzis@ulmer.com

**ATTORNEYS FOR DEFENDANT AMNEAL PHARMACEUTICALS, INC.**

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.


Dated: August 25, 2023                                          /s/ *Paul J. Cosgrove*